IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LESTER DESMOULIN, | : Civil No. 1:24-CV-00930 |
| Petitioner, | : |
| v. | : |
| WARDEN OF USP-LEWISBURG, | : |
| Respondent. | : Judge Jennifer P. Wilson |

## MEMORANDUM

Lester Desmoulin ("Petitioner"), a federal inmate incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"), commenced this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the Federal Bureau of Prisons' ("BOP") prior custody credit determination. (Doc. 1). For the reasons set forth below, the court will deny this habeas petition on the merits.

### BACKGROUND

On August 1, 2017, Petitioner was arrested in Baton Rouge, Louisiana for possession of a firearm by a convicted felon and illegal carrying of a weapon with CDS-cocaine, Case No. 09-17-0927 ("State Case 1"). (Doc. 14-3.) On September 15, 2017, Petitioner's probation was revoked in two state cases in Louisiana: Case Nos. 06-15-0972 ("State Case 2"); and 08-14-0890 ("State Case 3"), and Petitioner was sentenced to a total term of confinement of 7 years. (Doc. 14-4.) On

1

November 27, 2017, Petitioner was taken into the custody of the United States Marshals Service via a writ of habeas corpus ad prosequendum to address his case in the Middle District of Louisiana, Case No. 3:17-CR-00146-SDD-RLB(1) ("Federal Case") for possession of a firearm by a convicted felon. (Doc. 14-5.) On December 1, 2017, Petitioner posted bond on State Case 1, but remained held in state custody for the probation violations at issue in State Case 2 and State Case 3. (Docs. 14-3, 14-4.) On June 27, 2018, Petitioner had additional charges of aggravated battery filed against him in Louisiana, Case No. 18-60715 ("State Case 4"). (Doc. 14-2, p. 3.)[1]

On September 10, 2018, Petitioner was released via parole on State Cases 2 and 3. (Doc. 14-7.) On September 11, 2018, Petitioner became a primary federal inmate. (Doc. 14-8.)

On May 16, 2019, Petitioner was sentence to a 96-month term of imprisonment by the United States District Court for the Middle District of Louisiana in the Federal Case. (Doc. 14-6.) The sentencing document states that Petitioner's "sentence shall run concurrently to any sentence imposed in the 7th Judicial District Court, Catahoula Parish, Louisiana, Docket Numbers 15-3268, 15-3269, 15-3270, 15-3271; the 19th Judicial Court, Baton Rouge, Louisiana, Docket

---

[1] The court notes that none of the cited exhibits address this new state case.

Number 09-17-0927 [State Case 1]; and in West Baton Rouge Parish Sheriff, Port Allen, Louisiana, Report Number 18-60715 [State Case 4]." (*Id.*)

On August 27, 2019, a felony arraignment was held in state court for four additional state court cases Nos. 15-3268 ("State Case 5"), 15-3269 ("State Case 6"), 15-3270 ("State Case 7"), and 15-3271 ("State Case 8"). (Doc. 14-9.) The arraignment was continued to October 15, 2019 because Petitioner was not present in court because he was in federal custody. (*Id.*)

The time spent incarcerated from August 1, 2017 through September 10, 2018 was credited towards his state sentence. (Doc. 14-4.) The time spent incarcerated from September 11, 2018 to the date of Petitioner's sentencing in the Federal Case was credited towards the 96-month sentence in the Federal Case, totaling 247 days. (Doc. 14-8.)

Petitioner is seeking jail credit from November 28, 2017 to September 11, 2018 be applied towards the sentence in the Federal Case. (Doc. 1, p. 6.) Essentially, Petitioner is alleging he was in primarily federal custody beginning with the November 27, 2017 writ of habeas corpus ad prosequendum.

On June 6, 2024, the court received and docketed the petition and accompanying documents. (Doc. 1.) In his petition, Petitioner admits that he never sought administrative relief for his time credit calculation challenge. (*Id.*, p. 2.) Petitioner states "[w]hen I requested grievance staff denied to give me one at

the Lewisburg UPS." (*Id.*) In supporting documents filed with the petition, Petitioner alleges that he was unable to obtain the correct grievance form from the prison staff, "and the last one told me that I did not want to end up in the SHU." (Doc. 1-1, p. 2.)

On July 3, 2024, the court granted Petitioner *in forma pauperis* status and served the petition on the United States. (Docs. 6, 7.) Following an extension, Respondent filed a response to the petition on September 20, 2024. (Doc. 14.) Petitioner did not file a reply. The court will now address the petition.

## DISCUSSION

Respondent raises two arguments: (1) Petitioner failed to exhaust his administrative remedies; and (2) Petitioner's time credit was correctly calculated in the Federal Case. (Doc. 14.) The court will address each challenge in turn.

### A. Petitioner's Claims are Unexhausted.

While § 2241 does not contain an explicit statutory exhaustion requirement, the United States Court of Appeals for the Third Circuit has consistently required a petitioner to exhaust his administrative remedies before filing a § 2241 petition. *See Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and

(3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *See id*. at 761–62 (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)). Thus, "a federal prisoner who . . . fails to exhaust his administrative remedies because of a procedural default, and subsequently finds closed all additional avenues of administrative remedy, cannot secure judicial review of his habeas claim absent a showing of cause and prejudice." *See id*. at 762. Exhaustion is not required, however, if there is no opportunity to obtain adequate redress, if the issue presented only pertains to statutory construction, or if the prisoner makes an affirmative showing of futility. *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998); *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3rd Cir. 1986); *Bradshaw*, 682 F.2d at 1052.

The BOP has a multi-step administrative remedy program allowing an inmate "to seek formal review of an issue relating to any aspect of his/her own confinement." *See* 28 C.F.R. § 542.10(a). First, an inmate should attempt informal resolution of the issue with the appropriate staff member. *See id*. § 542.13(b). If informal resolution is unsuccessful, the inmate may submit a formal written grievance, using the BP-9 form, to the Warden within twenty (20) calendar days "following the date on which the basis for the Request occurred." *See id*. § 542.14(a). The Warden is to respond to the request within twenty (20) calendar days. *See id*. § 542.18. An inmate dissatisfied with the Warden's response may

appeal, using the BP-10 form, "to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." *See id*. § 542.15(a). Finally, an inmate may appeal the Regional Director's response, using the BP-11 form, to the BOP's General Counsel "within 30 calendar days of the date the Regional Director signed the response." *See id*.

Petitioner concedes that he did not exhaust his administrative remedies prior to filing his § 2241 petition. (Doc. 1, p. 2.) Thus, Petitioner's claims are unexhausted. However, Petitioner has presented an allegation that he was denied the required forms and threatened with a stay in the SHU should he proceed with filing the required form. (Docs. 1, 1-1.) Respondent merely denies this allegation and asserts that the petition should be dismissed for failure to exhaust his administrative remedies. (Doc. 14, p. 8–9.)

Neither Petitioner nor Respondent have presented any evidence to substantiate or refute the alleged denial of the administrative remedy forms and threats if the forms were filed. Therefore, the court will refrain from making a determination regarding whether or not the exhaustion requirement is excused in this action and proceed to make a determination of the merits.

**B. The Petition Will Be Denied on the Merits.**

Claims that the BOP has failed to properly calculate a sentence are cognizable in petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See*

*Burkey v. Mayberry*, 556 F.3d 142, 146 (3d Cir. 2009) ("A challenge to the BOP's execution of a sentence is properly brought under 28 U.S.C. § 2241.").

The Attorney General is responsible for computing federal sentences for all federal offenses committed after November 1, 1987. *See* 18 U.S.C. § 3585; *United States v. Wilson*, 503 U.S. 329, 331-32 (1992). The Attorney General has delegated this authority to the Director of the BOP. *See* 28 C.F.R. § 0.96. The process of computing a federal sentence is governed by 18 U.S.C. § 3585 and consists of two steps: (1) a determination of the date on which the federal sentence commenced, and (2) consideration of any credit to which the inmate may be entitled. *See Williams v. Zickefoose*, 504 F. App'x 105, 107 (3d Cir. 2012) (citing 18 U.S.C. § 3585).

Section 3585(a) provides that a federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." *See* 18 U.S.C. § 3585(a). "[T]he earliest possible date a federal sentence may commence is the date it was imposed." *Pitts v. Spaulding*, No. 15-0644, 2015 WL 8482041, at *4 (M.D. Pa. Dec. 10, 2015) (citing *Rashid v. Quintana*, 372 F. App'x 260, 262 (3d Cir. 2010)). Petitioner's current federal sentence commenced on May 16, 2019, the date it was imposed. (Doc. 14-8.)

Petitioner appears to assert that the sentence commenced on the date the writ of habeas corpus ad prosequendum was issued. (Doc. 1.) The Third Circuit has held that a federal sentence does not begin to run when a federal defendant is produced from state custody pursuant to a federal writ of habeas corpus from non-federal custody because, in such a situation, the state authorities retain primary custody over the prisoner. *Holloman v. Warden Fairton FCI*, 635 F. App'x 12, 14 (3d Cir. 2015) ("The production of a defendant pursuant to a writ of habeas corpus ad prosequendum does not affect the jurisdiction of the sovereign with primary custody over a defendant."); *Taccetta v. Federal Bureau of Prisons*, 606 F. App'x 661, 663 (3d Cir. 2015) (finding that under the primary custody doctrine, the first sovereign to arrest the defendant is entitled to have the defendant serve that sovereign's sentence before one imposed by another sovereign). Therefore, Petitioner was in the primary custody of the State of Louisiana on November 27, 2017, when the United States Marshals Service temporarily borrowed him from state custody on a federal writ of habeas corpus ad prosequendum in the Federal Case. Petitioner remained in the primary custody of Louisiana until September 10, 2018, when he was paroled from his state sentence into federal custody. As it is clear from the case law on this issue, a temporary transfer pursuant to a writ of habeas corpus ad prosequendum does not relinquish primary custody to the transferee authority. Thus, Petitioner remained in the primary custody of

Louisiana until September 10, 2018, when he was released on parole. Consequently, during the time the United States Marshal Services borrowed Petitioner from state custody to face federal charges, specifically, November 27, 2017 through September 10, 2018, Petitioner, was in the primary custody of the State of Louisiana and the State applied that time toward Petitioner's state sentences.

Whether the petitioner is entitled to credit for custody prior to the commencement of his federal sentence is governed by 18 U.S.C. § 3585(b), which states:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> **(1)** as a result of the offense for which the sentence was imposed; or
>
> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).  Thus, "[s]ection 3585(b) prohibits the BOP from crediting a federal sentence with time that has already been credited toward another sentence." *See Pickett v. Warden McKean FCI*, 726 F. App'x 104, 106 (3d Cir. 2018) (citing *Wilson*, 503 U.S. at 337).  "Congress made clear that a defendant could not receive a double credit for his detention time." *See Wilson*, 503 U.S. at 337.

9

The Respondent asserts that under *Wilson*, Petitioner is not entitled to time credit from August 1, 2017 through September 10, 2018 in the Federal Case because this time was credited towards his state sentence. (Doc. 14, pp. 13–14.) Respondent also asserts that the federal term was not calculated to run concurrently to any state sentence because there was no state case running when the federal sentence was imposed.[2] (*Id.*, p. 14.)

Respondent is correct. Petitioner's time in custody from August 1, 2017 through September 10, 2018 was credited towards his state sentence. (Doc. 14-4.) Therefore, it cannot be credited toward his sentence in his Federal Case pursuant to 18 U.S.C. § 3585. Thus, the petition will be denied on its merits.

---

[2] BOP policy recognizes an exception to the general rule against double credit, which is adapted from the decision in *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971). *Willis* credit applies when an inmate is serving concurrent state and federal sentences and the state sentence is set to expire before the federal sentence. *See Taccetta*, 606 F. App'x at 664. Because Section 3585(b) prohibits double credit, credit against the concurrent state sentence for time in state custody would not confer any benefit on the inmate "except that he would be serving only one sentence instead of two concurrent ones." *See id.* (internal alterations omitted) (quoting *Kayfez v. Gasele*, 993 F.2d 1288, 1290 (7th Cir. 1993)). Inmates can thus receive credit towards their federal sentence for the time spent in state custody. *See id.* Here, Petitioner does not argue that he is entitled to *Willis* credit. (Docs. 1, 1-1.) Therefore, *Willis* will not be addressed further.

## CONCLUSION

Accordingly, for the reasons set forth above, Petitioner's § 2241 petition will be denied. An appropriate order follows.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Judge  
Middle District of Pennsylvania